FILED
2014 Jun-04  AM 09:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| EDVIN L. PEREZ CHINCHILLA, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | Case No. 4:14-cv-01037-RDP-HGD |
| | ) | |
| SCOTT HASSELL, et al., | ) | |
| | ) | |
| Respondents | ) | |

**REPORT AND RECOMMENDATION**

Petitioner, Edvin L. Perez Chinchilla, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He seeks release under supervision pending deportation to Guatemala.

According to the petition, petitioner is a native of Guatemala, born on March 11, 1986, who entered the United States with his parents on July 6, 2006, without inspection. (Doc. 1, Petition, at 5, 6). He states he was arrested on December 12, 2011, in Hoboken, New Jersey, and remained in custody until he entered Immigration and Customs Enforcement (ICE) custody on December 3, 2012. (*Id*. at 4, 5).

Petitioner appeared before an immigration judge (IJ) on December 17, 2012. (*Id*. at 6). He appeared again before the IJ, with counsel, on January 31, 2013.

Petitioner's counsel applied for asylum for petitioner on February 11, 2013. (*Id.*). The IJ denied the asylum application for lack of sufficient supporting evidence on May 14, 2013. (*Id.*). That same day, the IJ, ordered petitioner to be removed to Guatemala. (*Id.*).

Petitioner appealed the removal order to the Board of Immigration Appeals (BIA) on June 12, 2013. (*Id.*). The BIA affirmed the removal order on October 13, 2013. (*Id.*). Petitioner then appealed the removal order to the Third Circuit Court of Appeals, Docket #14-1192, and he states that his appeal is still pending. (*Id.*). However, the court takes judicial notice that the Third Circuit denied a motion to stay removal on May 7, 2014, and dismissed the petition for review on June 2, 2014, for petitioner's failure to file a brief and appendix.[1]

## DISCUSSION

Rule 4 of the *Rules Governing § 2254 Cases*[2] allows a habeas corpus petition to be dismissed summarily by a district court if it plainly appears from the face of the petition that the petitioner is not entitled to any relief.

With respect to detention, release, and removal of aliens ordered removed, 8 U.S.C. § 1231(a) gives the Attorney General a 90-day period to accomplish the

---

[1] *See* Rule 201, F.R.E. and PACER Docket Sheet for Case No. 14-1192.

[2] The *Rules Governing § 2254 Cases* are also applicable to 28 U.S.C. § 2241 habeas corpus petitions. *See* Rule 1(b) of the *Rules Governing § 2254 Cases*.

removal of an alien following the entry of a final order of deportation.  Title 8 U.S.C.

§ 1231(a)(1) provides in relevant part:

> **(a) Detention, release, and removal of aliens ordered removed**
> **(1) Removal period**
> **(A) In general**
> Except as otherwise provided in this section, when an alien
> is ordered removed, the Attorney General shall remove the
> alien from the United States within a period of 90 days (in
> this section referred to as the "removal period").
> **(B) Beginning of period**
> The removal period begins on the latest of the following:
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court
> orders a stay of the removal of the alien, the date of the court's
> final order . . .
> **(C) Suspension of period**
> The removal period shall be extended beyond a period of
> 90 days and the alien may remain in detention during such
> extended period if the alien fails or refuses to make timely
> application in good faith for travel or other documents
> necessary to the alien's departure or conspires or acts to
> prevent the alien's removal subject to an order of removal.

8 U.S.C. § 1231(a)(1).

The Supreme Court held in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491,

150 L.Ed.2d 653 (2001), that § 1231(a) authorizes detention for a period reasonably

necessary to accomplish the alien's removal.  *Id.* at 699-700, 121 S.Ct. at 2504.  The

court found that six months is a presumptively reasonable period of time to allow the

Government to remove an alien after the removal period has commenced.  *Id.* at 701,

121 S.Ct. at 2505.  The Supreme Court further stated that:

After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

The decision in this case is governed by 8 U.S.C. § 1231(a)(1)(B)(ii) and (C). The presumptive removal period was interrupted because petitioner filed a petition for review of his removal order and motion to stay with the Third Circuit Court of Appeals. *See* 8 U.S.C. § 1252(a)(5). The commencement of the six-month presumptive removal period was effectively reset by the filing of a petition for review and motion for stay of removal with the Third Circuit. It only begun to run at the earliest, on May 7, 2014, when the motion for stay was denied. By filing for review with the Third Circuit and seeking a stay of his removal, petitioner was "act[ing] to prevent [his] removal" within the meaning of 8 U.S.C. § 1231(a)(1)(C). *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002) (finding that the submission of a motion to stay removal acts to prevent removal within the meaning of 8 U.S.C. §1231(a)(1)); *Fahim v. Ashcroft*, 227 F.Supp.2d 1359, 1363 (N.D.Ga. 2002).

As stated in *Akinwale*, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  287 F.3d at 1052.  No such showing has been made in petitioner's § 2241 petition.  Further, the court notes the United States and Guatemala have an extradition treaty, effective since 1903.  *Treaty of Extradition Between the United States of America and the Republic of Guatemala*, July 8, 1903, and June 12, 1903, U.S.-Guatemala, 33 Stat. 2147, 1903 WL 17011, supplemented June 20, 1940, and December 20, 1940, entered into force March 13, 1941.

Based on the foregoing, it is RECOMMENDED that the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE as premature.

### NOTICE OF RIGHT TO OBJECT

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court.  Any objections to the failure of the magistrate judge to address any contention raised in the complaint or petition also must be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111,

106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).  In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  Objections not meeting this specificity requirement will not be considered by a district judge.  IT IS NOT NECESSARY FOR PLAINTIFF OR PETITIONER TO REPEAT HIS LEGAL ARGUMENTS. AS TO THE FACTS, IF PLAINTIFF OR PETITIONER DOES RESPOND, HE SHOULD LIMIT HIMSELF TO ADDRESSING THE STATEMENTS OF FACT CONTAINED IN THE REPORT AND RECOMMENDATION TO WHICH HE OBJECTS.  HE ALSO SHOULD OBJECT TO ANY FACTS NOT INCLUDED IN THE REPORT AND RECOMMENDATION WHICH HE CONTENDS SHOULD HAVE BEEN INCLUDED.  THE FILING OF OBJECTIONS IS NOT A PROPER VEHICLE TO MAKE NEW ALLEGATIONS OR PRESENT ADDITIONAL EVIDENCE.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations

made by the magistrate judge.  The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record. The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

DONE this 4th day of June, 2014.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE